UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3107 PA (AJWx) | Date | April 7, 2017 |
|---|---|---|---|
| Title | Federal Trade Commission v. Sale Slash, LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| V.R. Vallery | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   IN CHAMBERS ORDER

Before the Court is a Motion for Order Approving the Receiver's Final Report and Granting Related Relief (Docket No. 209) and a Motion to Supplement (Docket No. 216).  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument.  The hearing calendared for April 10, 2017, is vacated, and the matters taken off calendar.

Among other relief, the Receiver's original Motion sought authorization for fees and expenses incurred by both the Receiver and the Receiver's counsel during the period from August 1, 2016, through November 30, 2016.  That Motion included evidence in support of the fees and expenses incurred during this period of $10,572.30 in fees and $15,867.47 in expenses for the Receiver and $26,888.74 in fees and $125.51 in expenses for the Receiver's counsel.  The Motion also sought authorization to pay from receivership funds the estimated closing fees and expenses of the Receiver and Receiver's counsel in the total sum not to exceed $26,670.65 with any unused portion of the estimated closing fees and expenses to be distributed by the Receiver to the Federal Trade Commission ("FTC").  This estimated amount was comprised of fees for the Receiver in the amount of $7,727.00 and estimated Receiver expenses of $843.65, plus fees for the Receiver's counsel up to $13,000.00, and expenses of up to $5,000.00.

Because the Motion was not filed until March 10, 2017, it was not clear why the Receiver and its counsel only estimated the fees it had and would incur from December 1, 2016, through the date when they filed the Motion, and why it could not state the amount of fees incurred in preparing the Motion.  The Court therefore ordered the Receiver to file supplemental evidence concerning the actual fees and expenses incurred during the final period covered by this Motion.  In its Motion to Supplement, the Receiver submitted evidence establishing that it had incurred fees of $5,947.20 from December 1, 2016, through March 31, 2017, and still expects to incur additional minimal fees and expenses in connection with closing out the receivership estate.  The Receiver therefore seeks approval of the $10,572.30 in fees and $15,867.47 in expenses it incurred from August 1, 2016, through November 30, 2016, plus the $7,727.00 in fees and $943.65 in expenses it has incurred or expects to incur from December 1, 2016, through the final termination of the receivership.  The Receiver's counsel submitted supplemental evidence in support of $16,701.74 in fees and expenses of $458.24 for work and expenses incurred after November 30, 2016.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 15-3107 PA (AJWx) | Date | April 7, 2017 |
| Title | Federal Trade Commission v. Sale Slash, LLC, et al. | | |

Neither the FTC nor defendants Sale Slash, LLC and Purists Choice LLC, Artur Babayan and Vahe Hartounian (collectively "Defendants") have filed an Opposition to the Receiver's Motion.  See Local Rule 7-12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting of the motion.").

The Court has reviewed the evidence in support of the Motion and the Motion to Supplement and concludes that the fees and expenses incurred by the Receiver from August 1, 2016, through the expected closing of the receivership estate, and concludes that $35,110.42 in fees and expenses for the Receiver, consisting of $10,572.30 in fees and $15,867.47 in expenses for August 1, 2016, through November 30, 2016, plus $7,727.00 in fees and $943.65 in expenses for December 1, 2016 through the final termination of the receivership, are reasonable and necessary for the work performed and time period involved.  The Court therefore grants the Receiver's Motion and authorizes the payment from receivership assets of $35,110.42 to the Receiver.

The Court has also reviewed the evidence in support of the Receiver's counsel's request for fees and expenses.  The Court concludes that the $26,888.74 in fees and $125.51 in expenses for the Receiver's counsel incurred from August 1, 2016, through November 30, 2016, were reasonable and necessary.  The Court notes, however, that the Receiver's counsel's request for $16,701.74 in fees and expenses of $458.24 for the period beginning on December 1, 2016, and continuing through the closing of the receivership estate, includes at least $7,395 for the preparation of the Motion beginning in January 2017 and continuing through March 2017.  This is the seventh such Motion for Fees and Expenses that the Receiver's counsel has prepared.  Although the present Motion contains some minor updates to briefly explain the work performed during the period, a review of the relevant bills, and some work to reflect the additional relief related to the closing of the receivership, much of the prior work the Receiver's counsel did on the prior Motions, and for which it was already compensated, could have been, and was used to prepare the present Motion.  Having reviewed the billing records, the Court concludes that $7,395 is an unreasonable amount to bill for preparation of the Motion.[1/]  The Court reduces the award of fees for the preparation of the Motion from $7,395 to $4,000.  The Court awards all of the other fees and expenses sought by the Receiver's counsel.  The Court therefore grants the Receiver's Motion in part and authorizes the payment from receivership assets of $40,779.23 in fees and expenses to the Receiver's counsel.

The Court additionally orders the following:

1)   The Receiver is hereby authorized and directed to make a pro rata distribution to the certain pre-receivership creditors of one or more of the Receivership Defendants as

---

[1/]   The Court acknowledges that the Receiver's counsel wrote down approximately 3.4 hours of time incurred to prepare the supplemental information with evidence to support the amount of fees and expenses sought for the period after November 30, 2016.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 15-3107 PA (AJWx) | Date | April 7, 2017 |
| Title | Federal Trade Commission v. Sale Slash, LLC, et al. | | |

    specified in the Receiver's Proposed Creditor Distributions (Declaration of Brick Kane, Ex. 2);

2)  The Receiver is hereby authorized and directed to pay the remaining funds of the receivership estate in the amount of $2,993,714.66 (plus any unused portion of the estimated closing fees and expenses of the Receiver and the Receiver's counsel) to the FTC;

3)  The Receiver and its professionals are hereby authorized to abandon and/or destroy, at the expense of the receivership estate, any and all records relating to the receivership, or to this action, in the Receiver's possession, custody, or control, if not claimed by a party entitled thereto, in writing, within thirty (30) days of entry of this Order; provided, however, that any party claiming such records must pay all costs of taking possession and delivery of such records, and provided, further, that if conflicting claims are made to such records within said thirty (30) days, then the Receiver will hold the records as to which such conflicting claims have been made until the claims are resolved by the Court and shall then dispose of such records as directed by the Court;[2/]

4)  Effective upon the Receiver distributing the net funds of the receivership estate as provided for in paragraphs 1 and 2 above, the receivership is hereby terminated and Robb Evans & Associates LLC, as Receiver, is discharged and relieved of its duties as Receiver, and Robb Evans & Associates LLC, its deputies, members, officers, agents, employees, attorneys, accountants, and representatives are released from any and all duties, responsibilities, and liabilities in connection with the receivership estate and this action, including liabilities that were asserted and/or could have been asserted in the receivership estate and in connection with the Receiver's administration of the receivership estate.

  IT IS SO ORDERED.

---

[2/]  Should there be conflicting claims to any records, the parties involved in any such dispute, and not the Receiver, shall file an appropriate Motion with the Court.